IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

CLARK MOTOR COMPANY, INC.  :
ROBERT W. CLARK, DAVID          :
CLARK                                          :
                                                    :
                    Plaintiffs,           :                    No. 4:07-CV-856
                                                    :
          v.                                      :                    (Judge McClure)
                                                    :
MANUFACTURERS AND          :
TRADERS TRUST, CO.,              :
                                                    :
                                                    :
                    Defendant.            :

**M E M O R A N D U M**

June 18, 2008

**BACKGROUND:**

On May 10, 2007, plaintiffs, Clark Motor Company, Inc. ("Clark Motor"),

Robert W. Clark, and David Clark, instituted this civil action against defendant,

Manufacturers and Traders Trust Co. ("M&T").  In their complaint, plaintiffs seek

recovery for breach of contract (Count I), negligent misrepresentation (Count II),

negligence (Count III), breach of fiduciary duty (Count IV), and aiding and

abetting breach of fiduciary duty (Count V).  The parties are currently engaged in

discovery.

1

On April 30, 2008, plaintiffs filed a "Motion to Compel More Complete Responses to Interrogatories and Production of Documents."  (Rec. Doc. No. 47.) Defendant has filed an opposing brief (Rec. Doc. No. 50) and the time for filing a reply has since passed.

On June 16, 2008, defendant filed two notices to the court.  The first certifies that defendant had responded to plaintiffs' fifth and sixth requests for the production of documents.  (Rec. Doc. No. 55.)  The second certifies that defendant has provided plaintiff with amended answers to plaintiff's first set of interrogatories and answers to second set of interrogatories.  (Rec. Doc. No. 58.) Because it is hardly clear from these notices that plaintiffs' motion has been mooted and because plaintiff has not withdrawn the motion, we will rule on the motion as filed.  For the following reasons, we will grant plaintiffs' motion to compel.

Furthermore, we note that defendant has filed a motion for summary judgment.  (Rec. Doc. No. 56.)  Because we are granting plaintiffs' motion, which will require defendant to provide plaintiff with additional discovery which may be pertinent to responding to defendant's motion, we will provide plaintiff with additional time to respond to defendant's motion for summary judgment.

**DISCUSSION:**

Rule 26(b)(1) of the Federal Rules of Civil Procedure sets the contours for discovery and provides that "[p]arties may obtain discovery of any matter, not privileged, that is relevant to any party's claim or defense."  The rule further states that "[r]elevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."  It is well-settled that Rule 26 establishes a liberal discovery policy.  Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 (1978); Hickman v. Taylor, 329 U.S. 495, 507-08 (1947);  Great West Life Assurance Co. v. Levithan, 152 F.R.D. 494, 497 (E.D. Pa. 1994).

## I. Interrogatories

In their motion, plaintiffs have moved for more complete responses to several of their interrogatories.  First, they seek  more complete responses to Interrogatory No. 7, which requests defendant to "describe its understanding of and compliance with the Office of the Comptroller's regulations regarding auditing of floor plan inventory, and provision of floor plan financing."  (Rec. Doc. No. 47-2, at 8.)  Defendant responded to this interrogatory with an objection and stated that there are no "regulations" and to the extent plaintiffs were referring to the

Comptroller's handbook, this handbook was intended merely as a guide.  (Rec.

Doc. No. 47-9, at 21.)  We find defendant's objection inappropriate.  If defendant

believes that there are no such "regulations," then that should be its response to "its

understanding of and compliance" with these regulations.  Defendant's objection

clearly takes issue with the applicable standard of care for plaintiff's negligence

claim, which is not an appropriate objection to an interrogatory.  Objections to

interrogatories may not be used as a vehicle for deciding the merits of a case.  See

United States v. 216 Bottles of Sudden Change, 36 F.R.D. 695, 700 (D.C.N.Y.

1965)  Therefore, we will order defendant to provide a more complete answer to

Interrogatory No. 7.

Second, plaintiffs seek to compel  more complete answers to Interrogatories

No. 10 and 11.  Interrogatory No. 10 requests defendant to "identify the

individual(s) authorized, permitted, or cleared by Clark Motor to use defendant's

Dealer Access System, how such authorization, permission and or/clearance was

provided, by whom it was provided, and whether there is a written record of such

authorization, permission or clearance."  (Rec. Doc. No. 47-6, at 7.)  Interrogatory

No. 11 requests defendant to "identify all individuals authorized, permitted, or

cleared by Clark Motor to access banking services, request and/or obtain advances

or financing on behalf of Clark Motor during the period of June 2003 through

January 2007.  For each such individual identified, please describe how such

authorization was provided, by whom such authorization was provided, and

whether there is a written record of such authorization." (Id.)  Both of these

interrogatories further request that defendant provide copies of any written record

of such authorizations.  (Id.)

Defendant responded to Interrogatory No. 10 that Sally Smith was

designated as the person authorized to access the Dealer Access System and that

she was provided a pin number by Clark Motor in order to access the system.

(Rec. Doc. No. 47-9, at 29.)  Furthermore, the response directs plaintiffs to records

and documents previously produced by defendant.  (Id.)  Defendant responded to

Interrogatory No. 11 that Robert and David Clark were authorized to access certain

banking services and Sally Smith was authorized to request and obtain advances

and again directs plaintiff to records and documents previously produced by

defendant.  (Id. at 30.)

We agree with plaintiffs that defendant has failed to provide a complete

answer to both interrogatories.  Defendant does not answer how authorization was

provided and whether there are any written records of such authorization for either

interrogatory.  Furthermore, to the extent that defendant relies upon records and

documents already produced by defendant, Rule 33(d)(1) requires that the

responding party specify the records "in sufficient detail to enable the interrogating

party to locate and identify them as readily as the responding party could."

Defendant's answer does not provide any detail as to which documents it refers.

We will therefore order defendant to provide more complete answers to

Interrogatory Nos. 10 and 11.

Plaintiffs also seek to compel a more complete response to Interrogatory No.

12, which requested identification of defendant's  employees that reviewed the

results of the audits performed at Clark Motor during the period of June 2003

through January 2007 and further requests the frequency and purpose of the

reviews, and whether such reviews were ever discussed with the plaintiffs, when,

and by whom.  (Rec. Doc. No. 47-6, at 12.)  Defendant responded to this

interrogatory that "[t]he floor plan audits were reviewed by the particular floor plan

auditor that conducted the audit, the floor plan audit manager, and at times the

relationship manager. [Defendant] further responds . . . by directing the Plaintiff to

the records and documents previously produced by [defendant]."  (Rec. Doc. No.

47-9, at 30.)  This is a severely deficient response, as it does not provide any

information other than the fact that audits were actually performed.  It does not

provide the names of the individuals conducting the audit, the frequency and

purpose of the review, or whether the reviews were discussed with plaintiffs.

Similarly, defendant again directs plaintiff to documents previously produced by defendant without providing "sufficient detail to enable the interrogating party to locate and identify" the documents,  which is contrary to Rule 33(d)(1).  We will therefore order defendant to provide a more complete answer to Interrogatory No. 12.

Plaintiffs also seek a more complete response to Interrogatory No. 14, which requests defendant to describe policies, practices, and procedures employed by defendant to confirm or verify NADA wholesale/trade values for certain vehicles. (Rec. Doc. No. 47-6, at 8.)  Defendant responded to this interrogatory that "[defendant] objects to this interrogatory on the grounds that it assumes that there exists some obligation owed by [defendant] to confirm or verify NADA values for used, demo and/or program vehicles."  (Rec. Doc. No. 47-9, at 33.)  This again is an attempt to litigate the merits of the case, as opposed to a factual answer to the interrogatory, which is not permitted.  See 216 Bottles, 36. F.R.D. at 700.  If defendant does not have such policies or practices, then that should be its answer to the interrogatory.  We will therefore order defendant to provide a more complete answer to Interrogatory No. 14.

Plaintiff's motion also seeks a more complete response to Interrogatory No. 15, which asks whether defendant financed Clark Motor for used vehicles in excess

of those vehicles' NADA wholesale/trade value.  (Rec. Doc. No. 47-6, at 9.)

Defendant responded that it "responds to this Interrogatory pursuant to Fed. R. Civ.

P. 33(d), by directing the Plaintiff to the records and documents previously

produced by [defendant]."  (Rec. Doc. No. 47-9, at 34.)  This again violates Rule

33(d)(1), which requires defendant to provide "sufficient detail to enable the

interrogating party to locate and identify" the documents.  Therefore, we will order

defendant to provide a more complete answer to Interrogatory No. 15.

Plaintiffs also seek to compel a more complete response to Interrogatory No.

16, which requests that defendant identify any notification by defendants to

plaintiffs concerning irregularities, red flags, improprieties, incident reports, or

other issues pertaining to floor plan financing.  (Rec. Doc. No. 47-6, at 9.)

Defendant responded by incorporating its answer for Interrogatory Nos. 8 and 13,

by referring to documents previously produced by defendant, and by referencing

several conversations that "Mr. Drenning" had with "Messrs. Clark and

Hollingshead."  While Interrogatory Nos. 8 and 13 are marginally related to this

question and defendant's answers to these interrogatories may provide some

insight into Interrogatory No. 16, reference to these answers does not provide the

required specificity needed to answer this interrogatory.  Similarly, defendant's

reference to documents again does not provide any detail to enable plaintiffs to

locate the documents.  Therefore, we will order defendant to provide a more complete answer to Interrogatory No. 16.

Finally, plaintiffs seek a more complete response to Interrogatory No. 18, which asks for identification of each conversation between Michael Drenning and Ed Darrah pertaining to plaintiffs.  (Rec. Doc. No. 47-6, at 9.)  Defendant objected on the grounds that this is neither relevant to a claim or defense of a party nor reasonably calculated to lead to admissible evidence.  (Rec. Doc. No. 47-9, at 37.)  Furthermore, defendant elaborated on its objection in its opposition brief, contending that "[Darrah] has nothing to do with this case" and that both Drenning and Darrah disclosed the subject matter during their depositions.  (Rec. Doc. No. 50, at 6.)  We find defendant's relevancy claim baseless, as the interrogatory requests identification of conversations concerning plaintiffs.  Similarly, the fact that Drenning and Darrah have already been deposed does not provide any basis for an objection.  Therefore, we will order defendant to provide a more complete answer to Interrogatory No. 18.

## II.  Requests for Production of Documents

Plaintiffs move to compel the disclosure of three sets of documents.  First, plaintiffs seek to compel the production of all time and billing records pertaining to the attorney's fees assessed in the two confessed judgments taken against Clark

Motor Company and Robert Clark.  (Rec. Doc. No. 47-7, at 4.)  Defendant

objected to this request on the ground that the request seeks irrelevant information

as well as information protected by the attorney-client privilege.  (Rec. Doc. NO.

47-10, at 3.)  Defendant further argues in its opposition brief that the

reasonableness of defendant's attorney's fees in the confessed judgment was

exclusively established by the Centre County Court of Common Pleas and the

Superior Court of Pennsylvania and is therefore barred by the Rooker-Feldman

Doctrine and "Issue Preclusion/Collateral Estoppel."  (Rec. Doc. No. 50, at 7.)  We

believe defendant's reliance on these doctrines is misplaced and that the requested

information is relevant to the issues of damages.  Plaintiffs do not wish to

challenge the reasonableness of the attorney's fees from the confessed judgment.

Rather, it is clear that these attorney's fees may be relevant to the issue of damages

in the instant case.  In other words, plaintiffs confessed judgment and paid

defendant attorney's fees in the state law action.  In this action, plaintiffs claim that

defendants caused the default by failing to follow proper loan procedures.  If

plaintiffs are successful in their claims, it appears clear that damages may include

the attorney's fees paid to defendant in the state law action.  Therefore, we will

overrule defendant's objection on this basis.

The remaining consideration is defendant's objection on the basis of

attorney-client privilege.  The attorney-client privilege with respect to attorneys'

billing statements exists with limitations.  Billing records which reveal the nature

of the services performed are privileged.  Montgomery County v. MicroVote

Corp., 175 F.3d 296, 304 (3d Cir. 1999).  However, basic information, such as a

fee arrangement letter which identifies the client and the amount of the fees, is not

privileged.  Id. (citing In re Grand Jury Investigation, 631 F.2d 17, 19 (3d Cir.

1980).  Additionally, we note that any otherwise privileged information that was

revealed in the course of seeking attorneys' fees in the confessed judgments

amounts has been waived.  Westinghouse v. Republic of the Philippines, 951 F.2d

1414, 1424 (3d Cir. 1991) (noting that voluntary disclosure or privileged

communications to a third party amounts to a waiver).  With this legal backdrop,

we will order defendant to produce all unprivileged time and billing records

pertaining to the attorney's fees accessed in the two confessed judgments.

Second, plaintiffs seek to compel the production of all documents which

refer or relate to defendant's confirmation or verification of NADA values for

used, demo and/or program vehicles included on Clark Motor Company's Floor

Plan.  (Rec. Doc. No. 47-8, at 4.)  Defendant objected that this request "assumes

that there exists some obligation owed by M&T to confirm or verify NADA values

for used, demo, or program vehicles." (Rec. Doc. No. 47-11, at 4.)  For the reasons

given with respect to plaintiff's Interrogatory No. 14, we find that this is not a valid objection.  Therefore, we will order defendant to produce these documents.

Finally, plaintiffs seek to compel the production of documents which reflect how salary and commissions were to be earned, calculated, and disbursed to Michael Drenning for the period of 2003 to the present.  (Rec. Doc. No. Rec. Doc. No. 47-8, at 4.)  Defendant objects that these documents are not relevant or reasonably calculated to lead relevant evidence.  (Rec. Doc. No. 47-11, at 4.)  In their brief, plaintiff argues such data is relevant to its claims that Drenning, who is an employee of defendant, had an incentive to have Clark Motor increase its line of credit and finance more money.  (Rec. Doc. No. 47-2, at 18.)  Considering our liberal discovery rules, we agree that the requested information may be relevant and will order defendant to produce these documents.


s/James F. McClure, Jr.
James F. McClure, Jr.
United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

CLARK MOTOR COMPANY, INC. :
ROBERT W. CLARK, DAVID :
CLARK :
                        :
           Plaintiffs, :           No. 4:07-CV-856
                        :
      v. :           (Judge McClure)
                        :
MANUFACTURERS AND :
TRADERS TRUST, CO., :
                        :
                        :
           Defendant. :

**O R D E R**

June 18, 2008

**IT IS ORDERED THAT:**

1.      Plaintiffs' "Motion to Compel More Complete Responses to

        Interrogatories and Production of Documents" is GRANTED in its

        entirety, except that defendant is not required to produce information

        that is protected by the attorney-client privilege, if such privilege has

        not been waived.  (Rec. Doc. No. 47.)

2.      Defendant is ordered to provide more complete answers to the

        interrogatories in question as well as the requests for documents as

        discussed in this order.  Defendant shall do so by July 2, 2008.

3.     Plaintiff is granted until July 31, 2008 to respond to defendant's

motion for summary judgment.

4.     The discovery deadline is extended to July 2, 2008.


s/James F. McClure, Jr.
James F. McClure, Jr.
United States District Judge